
\*\*E-Filed 9/30/2007\*\*

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARK E. BOSCA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,[1] Commissioner of Social Security<br><br>　　　　　　Defendant. | Case Number C 06-2364 JF<br><br>ORDER[2] GRANTING PLAINTIFF'S MOTION FOR REMAND<br><br>[re: docket no. 7, 8, 15, 16] |

**I. BACKGROUND**

    Plaintiff Mark E. Bosca Plaintiff filed the complaint in this action on April 4, 2006, seeking reversal of the decision of the Administrative Law Judge ("ALJ") denying him disability benefits. On August 7, 2006, Plaintiff moved for summary judgment, arguing that he became

---

    [1] Michael J. Astrue became Commissioner of the Social Security Administration on February 1, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is hereby substituted for Jo Anne B. Barnhart as the defendant in this matter.

    [2] This disposition is not designated for publication and may not be cited.

disabled on March 27, 2003.  On September 6, 2006 Defendant filed a cross-motion for summary judgment.  On December 6, 2006, Plaintiff filed a letter with the Court indicating that the Social Security Administrator ("SSA") had approved his second application for disability benefits based on a disability date of December 27, 2005.  In light of this supervening grant of disability benefits, the Court requested a letter brief from each side on the issue whether the Court should remand the case to the SSA or proceed to resolve the pending cross-motions for summary judgment.  The parties filed their briefs on February 23, 2007.

## II.  LEGAL STANDARD

### 1. Standard for Reviewing the ALJ's Decision

Pursuant to 42 U.S.C. § 405(g), this Court has the authority to review the Commissioner's decision denying Plaintiff benefits.  The Commissioner's decision (here the decision of the ALJ) will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).  In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance - it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1257.  When determining whether substantial evidence exists to support the ALJ's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257; *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).  Where evidence exists to support more than one rational interpretation, the Court must defer to the decision of the ALJ.  *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1258.

### 2. Standard for Determining Disability

A person is "disabled" for purposes of receiving social security benefits if he or she is unable to engage in any substantial gainful activity due to a physical or mental impairment which is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months.  *Drouin*, 966 F.2d at 1257; *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).  Social Security disability cases are evaluated using a five-step, sequential evaluation

process. In the first step, the Commissioner must determine whether the claimant currently is engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. *Id.* If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments which significantly limits the claimant's ability to do basic work activities; if not, a finding of "not disabled" is made and the claim is denied. *Id.* If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing; if so, disability is conclusively presumed and benefits are awarded. *Id.* If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity"[3] to perform his or her past work; if so, the claimant is not disabled and the claim is denied. *Id.* The plaintiff has the burden of proving that he or she is unable to perform past relevant work. *Drouin*, 966 F.2d at 1257. If the claimant meets this burden, a *prima facie* case of disability is established. The Commissioner then bears the burden of establishing that the claimant can perform other substantial gainful work;[4] the determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R.§§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* April 9, 1996; *Drouin*, 966 F.2d at 1257.

### III. DISCUSSION

1. **Impact of the Supervening Grant of Benefits on the Instant Action**

---

[3]A claimant's residual functional capacity is what he or she can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[4] There are two ways for the Commissioner to meet the burden of showing that there is other work in significant numbers in the national economy that claimant can do: (1) by the testimony of a vocational expert or (2) by reference to the Medical-Vocational Guidelines. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

The relevant history oF Plaintiff's efforts to secure disability benefits is summarized in the following chart:

|  | **Claim One** | **Claim Two** |
|---|---|---|
| **Dated Filed** | 7/15/2003 | 4/13/2006 |
| **Alleged Date of Disability** | 3/27/2003 | 3/27/2003 |
| **Date of SSA Decision** | 2/29/2005 | 11/15/2005 |
| **Status of SSA Decision** | Not disabled | Disabled beginning 12/27/2005 |

As shown by the chart, Claim One, which is the subject of the instant action, does not overlap with Claim Two. Rather, ten months separate the decision as to Claim One and the disability date determined in the proceedings with respect to Claim Two. Accordingly, the Court concludes that there is no need to remand the instant case for consolidation of claims and will proceed to the merits of Claim One.

**2.    Do Plaintiff's Impairments Meet the Listing Requirements?**

At step three in the ALJ's determination:

> [i]f a claimant has an impairment or combination of impairments that meets or equals a condition outlined in the "Listing of Impairments," then the claimant is presumed disabled at step three, and the ALJ need not make any specific finding as to his or HER ability to perform past relevant work or any other jobs. An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A biolerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so.

*Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). In the present case, the analysis at step three involves the question of whether Plaintiff suffers from chronic obstructive pulmonary disease as listed in 20 C.F.R. 404 P App. 1 § 3.02(A) or from chronic restrictive ventilatory disease as listed in § 3.02(B). Qualification under these provisions is based on the results of spirometry testing. For a person with a height of 66 inches, such as the Plaintiff, § 3.02(A) requires a forced vital capacity ("FVC") value of 1.25 or below, and § 3.02(B) requires a forced expiratory volume ("FEV1") value of 1.45 or below.

On July 18, 2006 Plaintiff's FVC was tested at .98, and his FEV1 was 1.45. Defendant argues that these results cannot be relied upon because 20 C.F.R. 404 P App.1 3.00(E) requires

4

that measurements be taken twice–the first test preceding and the second following the administration of a bronchodilator.  Plaintiff responds by directing the Court's attention to additional language in the provision that allows for a single testing if "use of bronchodilators is contraindicated."  In the present case there is evidence in the record suggesting that Plaintiff would fall under this exception.  As explained by Dr. Kagawa:

> I am aware that the Social Security Adminsitration's regulations state that spiometery tests should be repeated after administration of an aerosolized bronchodilator unless the use of bronchodilators is contraindicated. Admisntration of additional dosages of bronchodilators during spirometery testing is contraindicated in Mr. Bosca's case because Mr. Bosca is already taking the maximum safe dosages of two broncholdilators that I have prescribed for him . . . . Additional dosages of bronchodilators would cause Mr. Bosca to lose consciousness and/or to have a heart attack especially in light of his atrial fibrillation and diabetes mellitus.

Letter from Dr. Frank T. Kagawa (October 2, 2006).  Taking these limitations on testing into account, Dr. Kagawa concludes that the July 18, 2006 test scores were adequate to demonstrate the § 3.02(A) and § 3.02(B) conditions.  *Id*.  Defendant nonetheless defends the ALJ's decision by arguing that tests taken February 17, 2004 and December 27, 2006, which did involve retests but did not meet §§ 302.(A) and (B) requirements, can and should be relied upon exclusively because Plaintiff was in fact retested.

As Plaintiff points out, Defendant's arguments are not reflected at any point in the ALJ's opinion.  The opinion's step three analysis contains but two brief mentions of Plaintiff's testing results:

> [On February 17, 2004][e]valuating physician John H. Wehner, M.D. diagnosed "obesity, emphysema with moderate obstructive airways disease, but overall improved FEV, compared with February 17, 2004 (testing) . . . .
> . . .
> An improved FEV1 was again found on November 23, 2004 pulmonary function testing, in comparison with the June 8, 2004 spirometery . . . .

Tr. at 47-48.  The Court's task in this case is to analyze the ALJ's opinion and assess the basis of the ALJ's decision.  New arguments made by Defendant may not be read into the opinion. "[Courts] cannot affirm the decision of an  agency on a ground that the agency did not invoke in making its decision."  *Pinto v. Massanari*, 249 F. 3d 840, 847 (9th Cir. 2001); *see also Celaya v. Halter*, 332 F.3d 1177, 1184-85 (9th Cir. 2003); *Byrnes v. Shalala*, 60 F.3d 639 (9th Cir. 1995).

Here the ALJ simply did not address the issues raised by Plaintiff. Nor, in light of the record, does the ALJ's opinion provide a substantial basis for the conclusion it reaches.

Even assuming that the ALJ had concluded that the test scores of July 18, 2006 were inadequate, there is a strong argument to be made that 20 C.F.R. § 404.1512(e) requires some follow up with the testing physician:

> (e) When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions:
> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source *when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques*. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report form your medical source, including your treating source, or by telephoning your medical source.

(emphasis added). The ALJ's opinion does not show that apart from the July 18, 2006 test results there was "adequate" evidence regarding Plaintiff's FVC and FEV1 scores to support a determination that Plaintiff was not disabled. If the record did not contain adequate evidence, the ALJ should have followed the procedures set forth in § 404.1512. Assuming that he ignored the July 18 test information because he believed that the "conflicting" scores were not based on "medically acceptable" techniques, the ALJ was obligated to take further action in accordance with the provision.

"The ALJ has an affirmative responsibility to develop the record." *Celaya*, 332 F.3d at 1184. This has not been done here. In light of Plaintiff's arguments, and having examined the opinion as a whole, this Court does not find substantial evidence to support the ALJ's step three conclusion. Open questions remain regarding the reliability of Plaintiff's tests dated July 18, 2006. Where there is an outstanding issue that must be resolved before a determination of disability may be made, the case must be remanded.[5] Accordingly, the instant case is remanded

---

[5] Plaintiff argues that this case should be remanded for an award of benefits. Under *Harmen v. Apfel,* 211 F.3d 1172 (9th Cir. 2000), the "unusual" case warranting such a remand must meet the following three requirements: (1) the ALJ failed to provide legally sufficient

for further development regarding the question of whether Plaintiff meets the requirements for chronic obstructive pulmonary disease as listed in 20 C.F.R. 404 P App. 1 § 3.02(A) or chronic restrictive ventilatory disease as listed in § 3.02(B).

## IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for remand is GRANTED.

DATED: September 30, 2007.

_____
JEREMY FOGEL
United States District Judge

---

reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id*. at 1178. Remand for an award of benefits is not appropriate in the instant case because these requirements have not been met.

7

1 | This Order has been served upon the following persons:

| | |
|---|---|
| Elizabeth Firer | Elizabeth.Firer@ssa.gov |
| Barbara Marie Rizzo | mail@fedlaborlaw.com |
| Sara Winslow | sara.winslow@usdoj.gov, kathy.terry@usdoj.gov; claire.muller@usdoj.gov |

8

Case No. C 06-2364
ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND
(JFLC1)