**E-Filed 3/11/09**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARK E. BOSCA,<br><br>                     Plaintiff,<br><br>      v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>              Defendant. | Case Number C-06-2364 JF (PVT)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT<br><br>[Docket No. 20] |

On September 30, 2007, the Court entered a judgment remanding this action to the Social Security Administration for further proceedings consistent with an order issued the same date. Plaintiff now seeks an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Defendant Commissioner disputes Plaintiff's entitlement to EAJA fees and the amount of requested fees.  The matter was taken under submission without oral argument. For the reasons set forth below, Plaintiff's application will be granted in part.

**LEGAL STANDARD**

Pursuant to the EAJA, a prevailing party in an action in which the United States is a party may recover attorneys' fees and costs unless the Court finds that the government's position was

1  substantially justified or that special circumstances exist which would render an award of fees

2  and costs unjust.  28 U.S.C. § 2412(d)(1)(A).  The party seeking the award of fees and costs must

3  apply for such an award within thirty days of final judgment in the action.  28 U.S.C. §

4  2412(d)(1)(B).

5      The Court has discretion in determining the amount of a fee award, including the

6  reasonableness of the hours claimed by the prevailing party.  *Gates v. Deukmejian*, 987 F.2d

7  1392, 1398 (9th Cir. 1992) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).  In making

8  its determination, the Court should provide a concise but clear explanation of its reasons for the

9  fee award.  *Hensley*, 461 U.S. at 437.  When considering a fee application under the EAJA, the

10  most useful starting point for determining the amount of a reasonable fee is the number of hours

11  reasonably expended on the litigation multiplied by a reasonable hourly rate.  *Id.* at 433.  In the

12  instant action, the parties dispute both the reasonable number of hours and the reasonable hourly

13  rate.

14                      **DISCUSSION**

15      Plaintiff initially requested an award of fees in the amount of $8,497.12, based on 52.5

16  hours of work at a rate of $161.85 per hour and costs of $524.24.  The Commissioner contends

17  that the hours and costs claimed by Plaintiff's counsel are inappropriate and excessive, and that

18  the award should be reduced by at least $1,052.02.  The Commissioner does not dispute the

19  reasonableness of the hourly rate of $161.85 claimed by Plaintiff.  Plaintiff's reply brief includes

20  a revised request for an award in the amount of $10,277.47, based on an additional 12.0 hours

21  spent preparing the reply brief, as well as costs totaling $693.64.

22      The Commissioner does not dispute that Plaintiff is the prevailing party in the case.

23  However, the Commissioner does argue that the government's support of the ALJ's decision was

24  substantially justified and reasonably based on the law and facts. Defendant's Opposition Memo

25  at 3.  This Court's order remanding the action states that "Defendant's arguments are not

26  reflected at any point in the ALJ's opinion." Order at 5.  The order also states that the ALJ did

27  not develop the record despite her affirmative responsibility to do so. Order at 6.  In recent case

28

Case No. C-06-2364 JF (PVT)
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES UNDER EQUAL ACCESS TO
JUSTICE ACT
(JFEx2)

1   of *Shafer v. Astrue*, the Ninth Circuit concluded that the ALJ had committed procedural errors by

2   failing to provide clear and convincing reasons for his finding, and thus that the government was

3   not substantially justified in defending its position on appeal. 518 F.3d 1067, 1071 (9th Cir.

4   2008). Similarly, the government in this case was not substantially justified in defending the

5   ALJ's incomplete record which lead to remand "for further development." Order at 7.

6          Both parties agree to reduce the initial hours billed by one hour for the time spent filing

7   an extension request. However, the Commissioner continues to dispute hours claimed for clerical

8   work, for submitting recent decisions, in conjunction with a failed attempt to persuade the Court

9   to remand on the basis of a second application, and for compensation for administrative tasks.

10         A party may seek compensation for clerical work, but not at an attorney rate simply

11  because an attorney completes the work. *Missouri v. Jenkins,* 491 U.S. 274, 288 n.10 (1989)

12  (citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717 (5th Cir. 1974) stating, "it

13  is appropriate to distinguish between legal work, …, and investigation, clerical work, … and

14  other work which can often be accomplished by non-lawyers but which a lawyer may do because

15  he has no other help available. Such non-legal work may command a lesser rate. Its dollar value

16  is not enhanced just because a lawyer does it.").  Plaintiff's counsel is a solo practitioner who

17  does not hire administrative help for clerical tasks. While it is appropriate for her to bill for the

18  time and cost of completing such tasks, the hourly rate should be less than her rate as a practicing

19  attorney.  There is no indication that the tasks listed for certain entries required any legal skill,

20  and Plaintiff provides no alternative lower hourly rate appropriate for such tasks. Accordingly,

21  the Court will adjust the award by deducting 3.25 hours from the total for the following:[1]

| | |
|---|---|
| 3/8/06 Drafted, finalized, & sent letter to prior attorney re medical records | 0.5 |
| 3/31/06 Filed summons & complaint; drafted, finalized, & sent letter to client re case | 1.0 |
| 4/10/06 Received & reviewed court's scheduling order & other court docs; calendared dates; TC w/ client re same | 0.5 |

---

27         [1]The Court removed 0.25 hours for "filed" or "sent" where filing/sending was coupled

28  with other tasks in a single entry

                                              3

Case No. C-06-2364 JF (PVT)
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES UNDER EQUAL ACCESS TO
JUSTICE ACT
(JFEx2)

| | |
|---|---|
| 4/11/06 Served gov't w/summons & complaint; drafted, finalized, & sent letter to client; sent appt of rep form to SSA; prepared & filed cert. of services; reviewed standing orders of magistrate | 2.0 |
| 8/7/06 Drafted, finalized, & filed summary judgment motion | 8.0 |
| 12/5/06 Reviewed Notice of Award letter; left voicemail message for SSA re same; faxed same to SSA | 0.25 |
| 12/6/06 Drafted, finalized, & filed letter with Court re Notice of Award | 0.75 |
| 3/15/07 Checked docket report in PACER | 0.25 |
| 7/2/07 Checked docket report in PACER | 0.25 |
| 10/2/07 Checked docket report in PACER | 0.25 |
| 12/17/07 Drafted, finalized, & filed motion for EAJA attorney fees & cost | 2.0 |
| 2/14/08 Drafted, finalized, & filed reply | 2.0 |

The time spent on the Statement of Recent Decision filed by Plaintiff's counsel was appropriate. The statement was submitted before the hearing, without argument and with a copy of the new opinion per Civil Local Rule 7-3(d). Further, the facts of the case are very similar to those of the instant case.

In its order of September 30, 2007, the Court that stated "there [wa]s no need to remand the instant case for consolidation of claims." Order at 4. Although the time and effort spent by Plaintiff's counsel on this issue did not result in a favorable outcome, the work was completed in the course of the case in which Plaintiff ultimately prevailed. The question is whether the Plaintiff should be compensated for efforts that were not necessary to the ruling but were relevant to the adjudication of the issue. The Court finds the efforts to remand the first case were reasonable and they are compensable.

The Court has reviewed *sua sponte* Plaintiff's request for compensation for additional time spent preparing the eight-page reply brief. Given the length and content of the reply brief and the fact that Plaintiff spent only 2.25 hours preparing the moving papers requesting attorneys' fees, Plaintiff's request for 12.0 hours is excessive. The Court will reduce Plaintiff's request for these entries to 6.00 hours.

4

Case No. C-06-2364 JF (PVT)
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES UNDER EQUAL ACCESS TO JUSTICE ACT
(JFEx2)

1

**ORDER**

2          For the reasons set forth above, Plaintiff's application for attorneys' fees is GRANTED,

3    subject to the reductions explained above, in the amount of $9,474.00.  This represents attorneys'

4    fees which are the product of 54.25 hours multiplied by $161.85 per hour plus costs of $693.64.

5          IT IS SO ORDERED.

6

7    DATED: March 11, 2009

8                                                          _____
                                                           JEREMY FOGEL
9                                                          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    5

1

2  Copies of this Order have been served upon the following persons:

3  Barbara Marie Rizzo          mail@fedlaborlaw.com

4  Elizabeth Firer              Elizabeth.Firer@ssa.gov

5  Sara Winslow                 sara.winslow@usdoj.gov

   Kathy Terry                  kathy.terry@usdoj.gov

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C-06-2364 JF (PVT)
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES UNDER EQUAL ACCESS TO
JUSTICE ACT
(JFEx2)